8/3/22

AO 106 (Rev. 04/10) Application for a Search Warrant

AUTHORIZED AND APPROVED DATE

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>AN APPLE IPHONE 13, BEARING SERIAL NUMBER<br>VFHQ76WCW5, CURRENTLY LOCATED AT ATF<br>OKLAHOMA CITY FIELD OFFICE | )<br>)<br>)<br>)<br>) | Case No. 22-554-STE |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the        Western        District of        Oklahoma        , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | | Offense Description |
|---|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy | |
| 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance With Intent to Distribute | |

The application is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

BRENDEN TAYLOR, Special Agent (ATF)
*Printed name and title*

Sworn to before me and signed in my presence.

Date:     **Aug 4, 2022**

_____
*Judge's signature*

City and state:   Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN APPLE IPHONE 13, BEARING SERIAL NUMBER VFHQ76WCW5, CURRENTLY LOCATED AT ATF OKLAHOMA CITY FIELD OFFICE | Case No. 22- 554  -STE |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, **Brenden Taylor**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

1.    I am a Special Agent with the Bureau of Alcohol Tobacco Firearms and Explosives, and have been since November 2015. Prior to being employed by the ATF, I have served as a police officer for two years each in Columbia, Missouri, and Norfolk, Virginia, and as a Federal Air Marshal for seven years in the Federal Air Marshal Service.  I am a graduate of the Federal Law Enforcement Training Center and have participated in a variety of investigations, including investigations of individuals involved in firearms trafficking activity. I am also an ATF Digital Media Collection Specialist, and am certified in the use of forensic tools with the ability to extract and analyze information contained on electronic devices. I have personally conducted numerous such extractions, and have examined the data that was obtained.

2.     As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.     The property to be searched is an Apple iPhone 13, model A2482, serial number VFHQ76WCW5, hereinafter the "Device." The Device is currently located at the ATF Oklahoma City Field Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma.

5.     The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6.     On July 28, 2022, ATF Special Agent (S/A) Brenden Taylor, along with other agents, arrested Nemory Zahid RAMOS CASTRO, pursuant to arrest warrant CR-22-275-J, for a violation of 18 USC § 922(a)(6), false statement during the purchase of a firearm. RAMOS CASTRO had the Device on his person at the time of his arrest, which was collected by S/A Taylor.

7.     S/A Taylor conducted a recorded interview with RAMOS CASTRO. Prior to questioning, S/A Taylor read RAMOS CASTRO his Miranda warnings, as found on ATF Form 3200.4. RAMOS CASTRO agreed to answer questions without an attorney present, and made several statements regarding the purchase of firearms for a third party in Mexico; the recruitment

2

of another individual who would also purchase a firearm for the same party in Mexico; and the use of the Device in furtherance of the conspiracy. These statements included:

    a.  RAMOS CASTRO bought a firearm from Lion Claw Tactical on December 8, 2021, using money provided by a person in Mexico. He then transferred this firearm to another individual who was supposed to deliver it, but the firearm was intercepted by the Oklahoma Highway Patrol. RAMOS CASTRO would have been paid $2,000.00 U.S. currency had the firearm been successfully delivered.

    b.  RAMOS CASTRO made a statement about purchasing another firearm from Wilshire Gun in Oklahoma City. S/A Taylor followed up with Wilshire Gun and learned that RAMOS CASTRO had purchased an Ohio Ordnance Works, Model M240-SLR, serial number 240565, from an out of state federal firearms licensee (FFL) and had it transferred to Wilshire Gun to complete the necessary paperwork and background check. On November 4, 2021, RAMOS CASTRO completed an ATF Form 4473 Firearms Transaction Record, and took possession of the firearm from Wilshire Gun. This firearm is a belt-fed, semi-automatic rifle modeled after a military heavy machine gun. It has an advertised retail price of over $14,000.00 U.S. dollars, and is very similar in design and price to the Lion Claw Tactical firearm that RAMOS CASTRO purchased on December 8, 2021, just one month later. S/A Taylor has subsequently obtained border crossing records for RAMOS CASTRO and learned that he was documented crossing the border from Mexico into the United States the very next day, on November 5, 2022.

3

c.  RAMOS CASTRO stated that he previously had an account with the website
    www.gunbroker.com, an online marketplace that allows seller to auction firearms.
    Private individuals and licensed dealers are allowed to conduct auctions on
    gunbroker.com. Out-of-state purchasers are required to provide an FFL local to
    them where the firearm can be shipped, so that the necessary paperwork and
    background check can be completed.

d.  RAMOS CASTRO stated that his Gunbroker account had been revoked or
    "blocked" but did not elaborate on why he was now denied access.

e.  RAMOS CASTRO used the application "WhatsApp" on his iPhone to
    communicate with his buyer in Mexico, including speaking to the buyer shortly
    before his arrest in this case.

f.  RAMOS CASTRO also spoke with Jose BARBERI via "WhatsApp." RAMOS
    CASTRO stated that he recruited BARBERI to buy firearms that would be sent to
    his contact in Mexico.

g.  RAMOS CASTRO stated that he may have deleted some or all of the messages in
    "WhatsApp," including one to his contact in Mexico shortly before his arrest. S/A
    Taylor is aware that forensic extraction tools can sometimes recover deleted data.

h.  RAMOS CASTRO stated that he also used "WhatsApp," as well as the chat
    function in the iPhone application "Instagram," to communicate with another
    individual he knows to be purchasing firearms for the same contact in Mexico.

4

8.     The Device is currently in the lawful possession of the ATF.  It came into the ATF's possession when it was seized incident to the arrest of Nemory Zahid RAMOS CASTRO pursuant to a federal warrant.   Therefore, while the ATF might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

9.     The Device is currently in storage at the ATF Oklahoma City Field Office.  In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the ATF.

## TECHNICAL TERMS

10.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.  Wireless telephone:   A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.   These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.   In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing

5

names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital

data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.  GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e.  PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs.  Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.  PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data.  Removable storage media

7

include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Tablet: A tablet is a mobile computer, typically larger than a phone yet smaller than a notebook, that is primarily operated by touching the screen. Tablets function as wireless communication devices and can be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Tablets typically contain programs called apps, which, like programs on a personal computer, perform different functions and save data associated with those functions. Apps can, for example, permit accessing the Web, sending and receiving e-mail, and participating in Internet social networks.

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP

addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

h.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

11.    Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at http://www.apple.com, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, PDA, and a tablet. The Device also accesses the internet by visiting IP addresses, and has its own IP address assigned to it based on the data provider it is using. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

12.    Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

9

13.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Device because:

     a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

     b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

     c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

     d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual

10

information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f.  I know that when an individual uses an electronic device to unlawfully purchase firearms on internet websites, such as www.gunbroker.com, the individual's electronic device will generally serve both as an instrumentality for committing the crime, and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

14.  *Nature of examination.*   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

11

15.    *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

16.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

BRENDEN TAYLOR
Special Agent
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES

Subscribed and sworn to before me
on ▮▮▮▮▮▮▮▮ Aug 4, 2022

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

12

## ATTACHMENT A

The property to be searched is an Apple iPhone 13, model A2482, serial number VFHQ76WCW5, hereinafter the "Device."  The Device is currently located at the ATF Oklahoma City Field Office.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Device described in Attachment A that relate to violations of 18 USC § 922(a)(6) and involve Nemory Zahid RAMOS CASTRO since January 1, 2021, including:

      a.   Chats or other communications involving the conspiracy to unlawfully purchase firearms for a third party.

      b.   lists of customers and related identifying information;

      c.   types, amounts, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

      d.   any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

      e.   any information recording RAMOS CASTRO's schedule or travel from January 1, 2021 to the present;

      f.   all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records evidencing the use of the Device to communicate with online firearms auction sites, such as Gunbroker.com, including:

a.   records of Internet Protocol addresses used;

b.   records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.